1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| MILDRED MAZGAJ; MARIAN ANTHONY,<br><br>                                    Plaintiffs,<br><br>v.<br><br>JASON CHARLES,<br><br>                                    Defendant. | Case No.:  3:24-cv-00777-JAH-MSB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 10]** |

17      Pending before the Court is Plaintiff Mildred Mazgaj's and Plaintiff Marian

18  Anthony's (collectively, "Plaintiffs") Motion for Reconsideration.  ECF No. 10 ("Motion"

19  or "Mot.").  Plaintiffs seek reconsideration of the Court's Order Granting Defendant's

20  Motion to Dismiss.  Mot. at 1.  The Court has determined it can rule on Plaintiffs' Motion

21  without responsive briefing.  Upon careful review of Plaintiffs' Motion for

22  Reconsideration, the relevant law, and for the reasons set forth below, Plaintiffs' Motion

23  is **DENIED**, and Plaintiff is **HEREBY ORDERED not to file further motions in this**

24  **matter**.

25                                          **BACKGROUND**

26      On May 1, 2024, Plaintiffs—proceeding *pro se*—filed a Complaint against

27  Defendant Jason Charles ("Defendant") alleging a myriad of claims ranging from criminal

28  wire fraud and perjury to civil defamation.  *See generally* ECF No. 1 ("Compl.").  Plaintiffs

filed this lawsuit, amongst others, to re-litigate Plaintiff Anthony's state court dissolution and custody proceedings. As the Court previously explained:

> Plaintiff Anthony "is the petitioner in a family court dissolution matter pending in the San Diego County Superior Court—*Marian Anthony v. Corina Galvez*, Case No. 19FL005322N (filed May 2, 2019)[.]" *Anthony v. Segura*, 2024 WL 3315996 (S.D. Cal. July 3, 2024). Plaintiff has filed two additional lawsuits in this judicial district relating to the family court dissolution matter: (1) *id.* (where Plaintiffs unsuccessfully sued the Honorable Daniel Segura, who presided over Plaintiff Anthony's child custody proceedings in state court); and (2) *Mildred Mazgaj and Marian Anthony v. Corina Galvez, et al.*, Case No. 3:24-cv-00776-JAH-AHG (where Plaintiffs filed a complaint against his current or former wife and other defendants for claims arising out of the state court dissolution and custody proceedings). Similarly, here, as best as the Court can determine from the Complaint, Plaintiffs are suing Defendant because of his involvement as an adverse witness in Plaintiff Anthony's state court proceedings. *See* Compl. at 7.

ECF No. 8 ("Order") at 2. Defendant—also proceeding *pro se*—filed a Motion to Dismiss for failure to state a claim. ECF No. 3. The Court granted Defendant's motion in its entirety. *See* Order at 7. The Court found Plaintiffs lack standing to pursue criminal causes of action because Plaintiffs, as private individuals, "lack[] a judicially cognizable interest in the prosecution … of another." *Id.* at 5 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). The Court found Plaintiffs similarly "lack standing to sue Defendant for any causes of action arising out of his involvement as a witness in Plaintiff Anthony's dissolution and/or child custody proceedings" under the doctrine of witness immunity. *Id.* at 6. Finally, the Court dismissed Plaintiffs' Complaint *with prejudice* because the deficiencies in Plaintiffs' Complaint cannot be cured. *Id.* at 6-7.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000). "The authority of district courts to reconsider their own

1  orders before they become final, absent some applicable rule or statute to the contrary,

2  allows them to correct not only simple mistakes, but also decisions based on shifting

3  precedent, rather than waiting for the time-consuming, costly process of appeal." *Id.* at

4  1049.  Thus, Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any

5  motion or any application or petition for any order or other relief has been made to any

6  judge ... has been refused in whole or in part." CivLR 7.1(i).  However, the party seeking

7  reconsideration must show "what new or different facts and circumstances are claimed to

8  exist which did not exist, or were not shown, upon such prior application." *Id.*  Local Rule

9  7.1(i)(2) permits motions for reconsideration within "30 days of the entry of the ruling."

10  A motion for reconsideration filed pursuant to a Local Rule may also be construed

11  as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v.*

12  *Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*,

13  42 F.3d 1306, 1311 (9th Cir. 1994).  In *Osterneck*, the Supreme Court stated that "a post-

14  judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration

15  of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White*

16  *v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)).  Rule 59(e) grants

17  district courts the authority to reconsider and amend a previous order, but "the rule offers

18  an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation

19  of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12

20  JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)).  In the

21  interests of judicial economy and the finality of judgments, "a motion for reconsideration

22  should not be granted, absent highly unusual circumstances, unless the district court is

23  presented with newly discovered evidence, committed clear error, or if there is an

24  intervening change in the controlling law." *Carroll*, 342 F.3d at 945 (quoting *Kona Enters.,*

25  *Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *Rodgers v. Watt*, 722 F.2d 456,

26  459 (9th Cir. 1983) (holding there exists a "compelling interest in the finality of judgments

27  which should not lightly be disregarded").

28

1    Additionally, a motion for reconsideration "may *not* be used to raise arguments or

2    present evidence for the first time when they could reasonably have been raised earlier in

3    the litigation." *Kona*, 229 F.3d at 890 (citation omitted). Where a motion for

4    reconsideration claims the district court clearly erred, "[m]ere doubts or disagreement

5    about the wisdom of a prior decision . . . will not suffice . . . . To be clearly erroneous, a

6    decision must [be] more than just maybe or probably wrong; it must be dead wrong." *A-Tek*

7    *Mech., Inc. v. KHW Servs., Inc.*, No. 3:21-cv-01974, 2022 WL 18635745, at \*2 (S.D. Cal.

8    Oct. 13, 2022). Therefore, "[a] party seeking reconsideration must show more than a

9    disagreement with the Court's decision, and recapitulation of the cases and arguments

10   considered by the court before rendering its original decision fails to carry the moving

11   party's burden[.]" *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.

12   Cal. 2001) (internal quotations omitted). The district courts have discretion to grant or

13   deny a motion for reconsideration. *Navajo Nation v. Confederated Tribes & Bands of the*

14   *Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

16   As far as the Court can determine from Plaintiffs' briefing, Plaintiffs claim

17   reconsideration is proper for three reasons: (1) Plaintiffs claim new evidence in the form

18   of an affidavit from a "Jane Doe" reveals Defendant conspired with Plaintiff Anthony's

19   ex-wife to provide false testimony at the child custody hearing in state court; (2) Plaintiffs

20   argue the Court clearly erred in finding Plaintiffs have no standing for their claims; and (3)

21   Plaintiffs argue the Court's decision to dismiss the action *with prejudice* was overly harsh

22   in light of Plaintiffs' *pro se* status. Mot. at 7-8.

23   As for the "Jane Doe" affidavit, Plaintiffs fail to submit any exhibits to the Court in

24   support of their Motion—and even if they did—Plaintiffs would still be barred from suing

25   Defendant for his involvement as a witness in the state court custody proceedings. *See*

26   *Safouane v. Fleck*, 226 F.Appx. 753, 762 (9th Cir. 2007) ("[t]he mere allegation of a

27   conspiracy to affect the outcome [of a court proceeding] is insufficient to defeat

28   immunity").

1    Likewise, Plaintiffs make no attempt in their Motion to demonstrate how their civil

2    claims overcome witness immunity.  *See generally* Mot.  Ultimately, a party seeking

3    reconsideration must show "more than a disagreement with the Court's decision, and

4    recapitulation of the cases and arguments considered by the court before rendering its

5    original decision fails to carry the moving party's burden."  *United States v. Westlands*

6    *Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); *see also United States v.*

7    *Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (motions for reconsideration may not

8    "be used to ask the Court to rethink what it has already thought").  Plaintiffs have failed to

9    show more than a disagreement with the Court's Order.

10    Finally, Plaintiffs argue "procedural" unfairness with regard to the Court's decision

11    to dismiss the action *with prejudice*.  Mot. at 8-9.  Plaintiffs contend the Court's ruling "is

12    overly harsh and constitutes manifest injustice…."  *Id.* at 9.  It is true the Court should give

13    leave to amend freely where justice so requires, and "[t]his policy is applied even more

14    liberally to pro se litigants."  *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

15    However, dismissal with prejudice is proper where—as here—it is "plainly unlikely that

16    the plaintiff[s] will be able to cure the standing problem."  *Fieldturf, Inc. v. Sw.*

17    *Recreational Industries, Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004).  This case falls under

18    the line of cases described by District Judge Irving Hill as:

19

20    > Having been defeated in state court proceedings and being unhappy and
     > somewhat humiliated and frustrated by the results of such proceedings,

21    > these persons lash out at judges, attorneys, witnesses, court functionaries,
     > newspapers and anyone else in convenient range, terming all of them

22    > corruptly evil and charging them with perjury and conspiracy in a last
     > desperate effort to re-litigate the issues on which they have once lost and

23    > hoping to secure sizeable damages to boot."

24

25    *Shakespeare v. Wilson*, 40 F.R.D. 500, 502 (S.D. Cal. 1966).  The law prohibits Plaintiffs'

26    attempt to use this Court as a vehicle for retribution against Defendant merely because he

27    testified against them in a state court custody proceeding.  *See Lisker v. City of Los Angeles*,

28    780 F.3d 1237, 1241-42 (9th Cir. 2015) (explaining witnesses are "absolutely immune from

3:24-cv-00777-JAH-MSB

liability for testimony at trial" and "[a]bsolute witness immunity also extends to preparatory activities 'inextricably tied' to testimony, such as conspiracies to testify falsely"). The Court finds no clear error in its Order. Accordingly, Plaintiffs' Motion is **DENIED**.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. Defendant's Motion for Reconsideration is **DENIED**.

2. Plaintiffs shall not file any further motions in this matter.

**IT IS SO ORDERED.**

DATED: March 25, 2025

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE